JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-3639
GCASTANIAS@JONESDAY.COM

April 11, 2025

VIA CM/ECF

The Honorable Jarrett B. Perlow
Circuit Executive & Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C. 20439

Re: Rule 28(j) citation of supplemental authority: Colibri Heart Valve LLC v. Medtronic CoreValve, LLC, No. 2023-2153 (scheduled for argument Monday, May 5, 2025 (Panel A))

Dear Mr. Perlow:

In preparing for argument, the following pertinent and significant authority has come to Medtronic's attention. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022), supports Medtronic's argument that the Paniagua Application fails to provide written-description support for Colibri's claims covering sutured, multi-piece leaflets. Dkt. 22 at 32-36.

*Arthrex* concerned whether the '907 Patent's claims had written-description support in the '280 Application. If not, the claims were anticipated. *Id.* at 1342. The '907 Patent disclosed a device with rigid *or* flexible eyelets, and claimed "'an eyelet' generically, thereby encompassing both." *Id.* at 1340-41.

The PTAB found that the '707 Application in the chain of priority lacked written-description support for a flexible eyelet, thereby cutting "off the '907 patent's priority claim." *Id.* at 1342. This Court agreed. That application's "only mention of flexible eyelets is in the background," where "it credits the '280 application's overall technique" and incorporates the disclosure by reference, "but strongly criticizes its use of a flexible eyelet." *Id.* at 1343. To "'overcome the disadvantages' of flexible eyelets," the '707 Application disclosed rigid eyelets, stressing "the importance of this feature" and teaching "that the invention covers 'an aperture of any configuration of any geometrical shape, ***as long as*** *it … allows the captured suture to freely slide within the aperture*.'" *Id.* (bolding added). "Because the '707 application denigrates flexible eyelets and exclusively describes alternatives to overcome their disadvantages," the '907 Patent's claims were anticipated. *Id.* at 1343-44 (citing *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998); *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1125 (Fed. Cir. 2004) (*Tronzo* is

an "exception[] to the general rule that disclosure of a species provides sufficient written description support for a later filed claim directed to the genus.").)

The Paniagua Application likewise mentions prior technology (sutured, multi-piece leaflets) in its background, but "strongly criticizes" that technology and provides an alternative (folded, single-piece leaflets) to "overcome … disadvantages," stressing "the importance" of its alternative and teaching the "improved qualities of the … invention" can be achieved "***as long as***" the disclosed alternative is pursued. Dkt. 22 at 32-36.

Respectfully submitted,

*/s/ Gregory A. Castanias*

Gregory A. Castanias

cc: Counsel of Record via CM/ECF